IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,354-01






EX PARTE RANDALL PAUL HATHCOCK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CCCR-07-02973-A IN THE 220TH JUDICIAL DISTRICT COURT


FROM COMANCHE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
possession with intent to deliver a controlled substance, and was sentenced to twenty-five years'
imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the admonishments, waivers,
and stipulations signed by Applicant. The trial court shall make findings as to what steps counsel
took in preparation for the defense of this charge, including the presentation of evidence at the
punishment hearing, and as to what advice counsel gave Applicant with respect to his options for
disposition of the case. The trial court shall make findings of fact as to whether Applicant was
advised that he could appeal the sentence imposed by the trial court. The trial court shall make
findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 11, 2009

Do not publish